**ICE CUBE DELIVERY, INC., Plaintiff**

v.

**VIRGIN ISLANDS WATER AND POWER AUTHORITY,**
**Defendant**

Civil No. 866-1972

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

April 12, 1973

ARNOLD M. SELKE, ESQ., St. Thomas, V.I., *for plaintiff*
CURTIS E. TATAR, ESQ., St. Thomas, V.I., *for defendant*

HOFFMAN, *Judge*

MEMORANDUM OPINION

This cause came on for trial on February 28, 1973, at which time the plaintiff was represented by Arnold M. Selke, Esq. and the defendant by Curtis E. Tatar, Deputy Assistant Attorney General. From the testimony adduced and the evidence admitted the Court finds the facts to be as outlined below.

On July 28, 1969 Mr. Bradley Kline, plaintiff's electrician acting for plaintiff delivered to defendant the defendant's form titled "Requirement for three phase installation." Kline had filled out the form in order to direct defendant to provide three phase electrical service to plaintiff's place of business. Upon presentation of the form it was determined by Mr. Ted Mills, an Assistant Line Superintendent employed by defendant, that Kline's re-

quest for plaintiff's service requirements was incorrect. At this point Kline and Mills entered into a discussion concerning plaintiff's requirements. Kline did not request that defendant make an on the scene investigation, but instead acquiesced in Mr. Mills' conclusion that the following service be provided: 5 K.W. of single phase load and 90 K.W. of three phase load, for a total of 95 K.W. The Court finds that Kline was not coerced into agreement with Mills; that Mills did not insist that plaintiff contract for a specific power service; and that Kline agreed with the Requirement as to service which Mills arrived at.

Plaintiff on the contrary has argued that Kline was forced to accept the surplus service in order to obtain the appropriate equipment for installation, and that as a result he has been overcharged in the amount of $2,301.30. Plaintiff contends that defendant's error is manifest by the fact that after 11 months of service, defendant voluntarily reduced the contract demand to an appropriate figure. Plaintiff points out that defendant did not charge plaintiff for the installation cost of the excess service as is allowed under 30 V.I.R.&R. 105–5(b), and that this demonstrates recognition by defendant of its error. The Court disagrees with plaintiff's conclusions.

The Court finds that Kline presented to his principal, Mosley, the President and Treasurer of plaintiff, the actual "Application and Contract" dated July 31, 1969 which Mosley signed. This document, Defendant's Exhibit A, specifies the 95 K.W. of capacity which Mosley contracted to pay for. Mosley, himself, testified that he signed this contract without discussing the matter with either Kline or representatives of the defendant. He apparently relied on the expertise of his electrician in this matter. Eleven months after installation and the beginning of service the defendant reduced the demand after plaintiff had requested a correction.

■■ The Court concludes that any harm suffered by plaintiff was a result of a unilateral mistake on the part of Mosley. The Court finds that said mistake was not induced by fraud, duress or coercion, but was in fact fostered by the plaintiff's negligence in failing to take steps to discover the meaning of the document and the operation of the contract. Under Section 503 of the Restatement of Contracts a unilateral mistake unless induced by fraud does not make a contract voidable. See also: § 70, Restatement of Contracts. It must be emphasized that the negligence of plaintiff in using or understanding the language of the contract precludes relief for plaintiff from the effect of the natural meaning of the language, where only plaintiff, and not the defendant labored under the mistake. Comment a, § 508, Restatement of Contracts.

■ Plaintiff's final argument, captioned "Unjust Enrichment," may be disposed of swiftly. As no fraud or duress has been found, plaintiff's argument in a cause for "Money had and Received" must rely heavily on a theory of mistake. Plaintiff cites the Restatement of Restitution, §§ 15, 16, but his citation is not controlling for the facts in this matter. Clearly, plaintiff would have a valid claim had no contract existed. In this matter, however, the existence of a contract is beyond dispute. As stated at 66 Am.Jur.2d, Restitution and Implied Contracts, § 122: "To recover money paid under mistake, the payment must have been made under a mistaken belief that the money was due the payee, when in truth it was neither *legally* nor morally due." (Emphasis supplied).

At trial defendant moved to dismiss for failure to state a claim upon which relief could be granted. The Court reserved decision on this motion and upon consideration denies defendant's motion for the reason that plaintiff has arguably demonstrated a cause of action. Plaintiff's failure to establish fraud or an adequate mistake, however, com-

pels the conclusion that plaintiff's cause of action must fail.

At trial the parties were asked to submit affidavits regarding their services. The parties also have submitted memoranda on the question of appropriate attorneys' fees. Under 5 V.I.C. 546 the defendant herein is entitled to recover costs, including attorney fees by virtue of 5 V.I.C. 541, in the same manner as would a natural person. The defendant's affidavit states that a total of 40 hours was spent in this matter and requests an award of $2000.00, that is, fees at $50.00 per hour. Although the Court concluded that the plaintiff had failed to establish its claims in the instant litigation, the facts warranted a judicial resolution and can serve a useful public purpose in guiding the public in its future dealings with the defendant agency. Accordingly, exercising its discretion, the Court will order the parties to each bear their own attorneys' fees.

Judgment shall be entered in accordance with the above Memorandum Opinion which shall constitute the Court's findings of fact and conclusions of law.